## NEW YORK BUILDING LOAN BANKING CO. v. KEENEY.

(Supreme Court, Appellate Division, Second Department. December 14; 1900.)

LANDLORD AND TENANT—RELATION—CONTRACT TO CONVEY—LEASE—MERGER—
    RECOVERY OF POSSESSION.

    Defendant, desiring to purchase land, entered into a written agreement with petitioner, a building loan corporation, by which petitioner granted, demised, and let, and defendant hired and took, the premises in question, for a term necessary to mature defendant's stock in petitioner at a specified monthly rent, which included all interest and dues on stock. Petitioner agreed that at the maturity of the stock it would convey the premises to defendant. It was further agreed that on default in payment of rent or otherwise, or in performance of any covenant, petitioner might re-enter, and that the full purchase price should become due, and that petitioner should have all the rights of a landlord. Held, that petitioner was entitled, on default by defendant, to maintain summary proceedings

to recover possession, since the agreement to convey at the end of the term did not effect a merger of the lease, which was plainly entered into by the parties.

Appeal from special term.

Summary proceedings by the New York Building Loan Banking Company against Frank P. Keeney. From an order denying a motion to dismiss the proceedings, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Charles Haldane, for appellant.

Benjamin Trapnell, for respondent.

WOODWARD, J. This is a summary proceeding to remove a tenant under the provisions of section 2231 of the Code of Civil Procedure, and the only question on this appeal is raised by the motion made on the part of the tenant to dismiss the proceeding on the ground that the relation of landlord and tenant is not shown to exist between the parties. The right of the petitioner to maintain this proceeding is predicated upon the written agreement between the parties, which makes up a part of the return. We are asked to determine this question. The petitioner is a building loan corporation, and it is provided in its by-laws that it may purchase or acquire a particular piece of property for any of its members, which is to be paid for by the stock of the corporation when fully paid in. In June, 1899, the petitioner entered into a written contract with the tenant, in which it was recited that:

"Whereas, the said Frank P. Keeney, party of the second part, as a member of the above-named corporation, being desirous of acquiring the real property hereinafter more fully described, has bid a premium on the company's usual form, in accordance with the conditions expressed in the articles of association of the party of the first part, such premium being a sum of money paid by the party of the second part for priority of right to secure an advance on the shares of stock of the party of the first part for the purpose of aiding him in acquiring the property above referred to, and in conformity therewith has paid unto the party of the first part the sum of one dollar on account of said premium and the contract price of said premises."

The agreement further recites that Frank P. Keeney has subscribed for 218 shares of a certain class of the capital stock of the party of the first part, having a par value of $100 each, "which shares represent the amount still due and to be paid to the party of the first part, with interest." Then follows the declaration:

"Now, therefore, this indenture witnesseth that the said party of the first part hath let, and by these presents doth grant, demise, and let, unto the said party of the second part, and the party of the second part hath hired and taken, and by these presents doth hire and take, of and from the said party of the first part [the premises involved in this proceeding], together with all the appurtenances, for a term co-extensive with the term required to mature or fully pay the aforesaid shares of stock, which term, it is estimated, will be about twenty-one years, at the monthly rental of $119.90, to be paid on the first of each and every month in advance during the said term."

The parties then covenant that:

"The party of the second part will pay unto the party of the first part the said rent as specified, which sum includes all interest charges and all dues

upon the aforesaid shares of stock; and, in addition thereto, will pay all taxes, assessments, and other charges, from time to time levied, assessed. or imposed upon said premises aforesaid by lawful authority, within three months after the same shall be imposed or confirmed, and will keep the buildings upon said premises insured against loss by fire for the benefit of the party of the first part; that the party of the second part will keep said premises in good condition and repair; that the party of the second part hereby assigns unto the party of the first part the said 218 class A21 shares of the capital stock of the party of the first part taken to cover the unpaid purchase money, and the premium bid and subscribed for as aforesaid, as collateral security for the performance of the covenants on the part of the party of the second part contained in this instrument; that the party of the second part, upon performing the covenants aforesaid, may peaceably and quietly have, hold, and enjoy the said premises for the term specified. The said covenants on the part of the party of the second part having been duly performed during the term aforesaid, the said term being completed by the maturity of said shares, the party of the first part at such time shall and will execute, acknowledge, and deliver to the party of the second part, his heirs, executors, or assigns, or cause to be executed, acknowledged, and delivered, a proper deed of conveyance, containing the usual covenants, and a warranty of titles, conveying and assuring to him or them the fee simple of said premises, free from all incumbrances resting thereon capable of being discharged."

It is further covenanted that:

"If any rent or payment shall be due and unpaid for the period of sixty days, or if default shall be made by the party of the second part as to any of the covenants herein contained, then the party of the first part may re-enter said premises, and may repossess the same; and, furthermore, the full sum advanced or to be advanced by the party of the first part upon said premises, together with the premium thereon, and all fines duly imposed, shall at once become due and payable, and the party of the first part shall have all the rights and remedies of a landlord with respect to the said premises."

In other words, the petitioner, being the owner of the premises, undertook to rent the same to the tenant for a period of 21 years, with the condition that, if all the covenants were observed during that period, it would make a transfer of the property to the tenant; and the latter, having come into the possession of the premises under the provisions of this lease, in which he has agreed that on default of payments the party of the first part is to have "all the rights and remedies of a landlord," asks this court to hold that the relation of landlord and tenant does not exist under the contract. The scheme of the loan association contemplates the surrender and cancellation of the stock at the time of the transfer, and article 56 of the articles of association provides that "such surrender and cancellation shall be deemed a valid consideration for the passing of the title from the corporation to the member."   In other words, the paid-up shares of the capital stock stand as an obligation of the corporation, and these are discharged by the transfer of the title to the member on his surrender of the stock.. This contract is in spirit not unlike that involved in Stewart v. Railroad Co., 102 N. Y. 601, 613, 8 N. E. 200, where the court held that "the agreement to transfer the fee to the lessee did not merge the term of fifty years, nor prevent the relation of landlord and tenant subsisting between the original lessee or its transferee of the term during its continuance."   See Bostwick v. Frankfield, 74 N. Y. 207.   In the case last cited a covenant to convey a fee to the lessee was held not to

create an equitable estate in fee in the lessee, in which his estate as lessee merged, but that the lease remained in full force, and the relation of landlord and tenant continued until performance of the contract of purchase, and the landlord was entitled to dispossess the lessee by summary proceedings against him as tenant. Stewart v. Railroad Co., 102 N. Y., at page 614, 8 N. E. 200.

The judgment appealed from should be affirmed, with costs. All concur.